IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC MADEJ, | ) | CASE NO. 8:11-cv-00186 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |
| BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 1007RZ1, | ) ) ) ) ) | |
| | ) | |
| DOES 1-10 (inclusive), | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Eric Madej filed this action against Defendant Bank of America, National Association ("Bank of America") for the improper purpose of delaying foreclosure proceedings. For the reasons discussed herein, Plaintiff fails to state claims upon which relief may be granted. Therefore, Plaintiff's Complaint should be dismissed.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the plaintiff's Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Id. at 547.

1

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. Twombly, 550 U.S. at 558, 556; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).

## ARGUMENT

### I. PLAINTIFF'S FIRST CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE THERE IS NO REQUIREMENT THAT A BENEFICIARY OF A DEED OF TRUST OWN THE NOTE BEFORE FORECLOSING.

Plaintiff seeks a declaration that Bank of America is an improper party to conduct a foreclosure because it is not the owner of the Note. Plaintiff alleges:

> A breach of the obligation for which the deed of trust is security, as to this defendant Plaintiff is informed and believes, has not occurred or is excusable because of [*sic*] defendant herein is not the real party in interest, **are not the holder of the note on the property** and is therefore an improper party to conduct a foreclosure, have no standing to pursue a foreclosure on the subject property and plaintiff cannot determine who is the real party in interest to whom a tender to pay any alleged arrearages should be made.

(Complaint ¶ 20) (emphasis added).

Plaintiff confuses ownership of the Note with being a beneficiary under a Deed of Trust. There is no requirement under the Nebraska Trust Deeds Act that the party attempting to foreclose on a Deed of Trust own the note which underlies the Deed of Trust. See Neb. Rev. Stat. § 76-1001 *et seq.* (Reissue 2009). Bank of America, as the beneficiary of the Deed of Trust, need only establish that a "breach of an obligation for which the trust property is conveyed" has occurred. Neb. Rev. Stat. § 76-1005 (Reissue 2009).

Whether Bank of America owns the note is irrelevant to whether it is entitled to foreclose on the property. Even if Plaintiff's allegation that Bank of America does not own the Note were true, that fact does not affect Bank of America's right to foreclose on the property. Plaintiff's First Cause of Action should be dismissed.

**II. PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE "INJUNCTIVE RELIEF" IS NOT A LEGAL CLAIM AND THERE IS NO REQUIREMENT THAT BANK OF AMERICA PRODUCE THE ORIGINAL NOTE BEFORE FORECLOSING.**

Plaintiff's Second Cause of Action is entitled "Injunctive Relief." (Complaint, p.4). "An injunction is a remedy, not a cause of action." Noah v. Enesco Corp., 911 F. Supp. 305, 307 (N.D. Ill. 1995); Sullivan v. JP Morgan Chase Bank, NA, 725 F. Supp. 2d 1087, 1099 (E.D. Cal. 2010) ("Under federal law, an injunction is a remedy, not a claim in and of itself."); Minn. Indus. Ventures, L.L.C. v. City of Roseville, No. 05-2488, 2006 WL 763208 at *15, n. 4 (D.Minn. Mar. 24, 2006) ("an injunction is a remedy, not a cause of

3

action"). In order to be entitled to an injunction, there must be some underlying breach of duty which gives right to an independent claim justifying injunctive relief. Plaintiff has failed to state an independent claim which would entitle him to injunctive relief.

Plaintiff alleges he is entitled to injunctive relief because "the defendant is not the holder of the note on the subject property...and defendant should be enjoined from proceeding with a foreclosure without producing the original note and moreover establishing that it is the holder of the note." (Complaint ¶ 25(a)). There is no requirement under the Nebraska Trust Deeds act that a beneficiary of a Deed of Trust produce the original Note before foreclosing. See Neb. Rev. Stat. § 76-1001 *et seq.*; accord Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) ("There is no requirement that the party initiating foreclosure be in possession of the original note."). Because Bank of America is not required to produce the original Note before instituting foreclosure proceedings, Plaintiff's Second Cause of Action should be dismissed.

At best, Plaintiff's Second Cause of Action for Injunctive Relief is duplicative of his First Cause of Action. For the same reasons the First Cause of Action fails to state a claim, his Second Cause of Action should also be dismissed.

### III. PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM BECAUSE BANK OF AMERICA IS NOT A SERVICER SUBJECT TO RESPA.

Plaintiff alleges Bank of America violated the Real Estate Settlement Practices Act ("RESPA") (12 U.S.C. § 2601 *et seq.*) by failing to respond to Plaintiff's request for his file within 20 days. (Complaint ¶ 27). RESPA provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(A).

"The term 'servicer' means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan." 12 U.S.C. § 2605(i)(2). "The term 'servicing' means receiving any scheduled periodic payments from the borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 10, and making payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

Plaintiff does not allege Bank of America serviced his loan. To the contrary, he alleges he sent payments for his loan to GMAC Mortgage, LLC. (Complaint ¶ 5). Exhibit E, attached to the Complaint, identifies GMAC Mortgage, LLC as the "loan

5

servicer." (Complaint, Ex. E). Exhibit C, attached to the Complaint, shows that Bank of America is only the assignee of the Deed of Trust on the property. (Complaint, Ex. C). Because Bank of America is not a servicer, it cannot be liable under RESPA. Plaintiff's Third Cause of Action fails to state a claim against Bank of America and must be dismissed along with his prayer for statutory damages under RESPA.

### IV. PLAINTIFF'S RESCISSION CLAIM FAILS TO STATE A CLAIM BECAUSE BANK OF AMERICA DID NOT ORIGINATE THE PLAINTIFF'S LOAN, HIS CLAIM IS TIME-BARRED, IT IS NOT PLED WITH PARTICULARITY, AND DOES NOT ALLEGE RELIANCE ON A REPRESENTATION MADE BY BANK OF AMERICA.

#### A. Because Bank Of America Did Not Originate The Note, It Could Not Have Fraudulently Induced Plaintiff To Sign The Note.

Plaintiff seeks rescission of his mortgage loan because Bank of America "placed her [sic] into a sub-prime and predatory loan…" (Complaint ¶ 31). However, Plaintiff alleges that Homecomings Financial, LLC, not Bank of America, originated the Note. (Complaint ¶ 3). The exhibits attached to the Complaint also establish that Homecomings Financial, LLC issued the Note. See Complaint, Ex. A (showing Homecomings Financial, LLC as the Lender on the Deed of Trust, and the Adjustable Rate Note and Rider). Bank of America became the assignee of the Deed of Trust in 2009--almost three years after the Note was signed. (Complaint, Ex. C). Because Bank of America did not originate the Note in 2006, Plaintiff's allegations that Bank of America used deceit and misrepresentations to induce Plaintiff to sign the Note are frivolous.

B. **Plaintiff's Rescission Claim Is Time-Barred Because He Filed This Action More Than Four Years After The Note Was Issued.**

Plaintiff seeks rescission of the Note due to fraud in the inducement. (Complaint ¶¶ 29-40). Under Nebraska law, a fraud claim must be brought within four years of when the claim accrued. Neb. Rev. Stat. § 25-207. Plaintiff executed the Note on December 14, 2006. (Complaint, Ex. A). He filed this lawsuit on April 26, 2011--more than four years after executing the Note. (Complaint). Accordingly, his fraud claim is time-barred and Plaintiff has alleged no facts that would toll the statute of limitation.

C. **Plaintiff Failed to Plead His Fraud Claim with Particularity.**

Rule 9(b) of the Federal Rules of Civil Procedure "requires a plaintiff to allege with particularity the facts constituting the fraud." Independent Business Forms v. A-M Graphics, 127 F.3d 698, 703 n. 2 (8th Cir. 1997)). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." In re Flight Transp. Corp. Sec. Litig., 593 F.Supp. 612, 620 (D.Minn. 1984).

Here, Plaintiff alleges that Bank of America "used deceit and misrepresentations to lull borrowers into real estate loans by steering them into loans that have low teaser

7

rates and negative amortization rates with immediate provisions for interest rate adjustment that quickly raise the monthly payments to an amount higher than the borrower is able to pay." (Complaint ¶ 30). Plaintiff fails to identify with any particularity the content of any misrepresentations allegedly made by Bank of America or what "deceit" was used. Plaintiff also fails to identify who made these allegedly deceitful, but unidentified, misrepresentations, nor the place where, nor date when, they were allegedly made. This lack of particularity also justifies dismissal of Plaintiff's rescission claim against Bank of America.

### D. <u>Plaintiff Does Not Allege He Relied On Misrepresentations Made By Bank Of America</u>.

In order to establish fraud, a plaintiff must prove justifiable reliance on a *representation* made by the defendant. <u>Knights of Columbus Council 3152 v. KFS BD, Inc.</u>, 280 Neb. 904, 922, 791 N.W.2d 317, 331 (2010). Here, Plaintiff does not allege he relied on a representation made by Bank of America. He alleges he "justifiably relied upon said defendants to comply with the law and to be fair with the Plaintiff." (Complaint ¶ 34). Relying on someone to be "fair" and follow the law is not reliance on a representation. Because Plaintiff has failed to plead an essential element of fraud, reliance on a representation, his rescission claim must be dismissed.

8

V. **PLAINTIFF'S FIFTH CLAIM FAILS TO STATE A CLAIM BECAUSE A VIOLATION OF RESPA OR THE FDCPA DOES NOT AFFECT BANK OF AMERICA'S RIGHT TO FORECLOSE, AND BANK OF AMERICA DID NOT VIOLATE THE FDCPA.**

Plaintiff alleges Bank of America's foreclosure is wrongful because Bank of America: (1) failed to provide information to Plaintiff in violation of RESPA and (2) was required to cease collection efforts until it validated the debt pursuant to the FDCPA. (Complaint ¶¶ 42-44). RESPA does not give rise to a wrongful foreclosure claim. Moreover, foreclosure is not a collection action which triggers the FDCPA. Consequently, Plaintiff's wrongful foreclosure, RESPA, and FDCPA claims should be dismissed.

   A.   <u>A RESPA Violation Does Not Give Rise to A Wrongful Foreclosure Claim.</u>

A violation of RESPA does not provide for injunctive relief and does not give rise to a claim for wrongful foreclosure. <u>Falcocchia v. Saxon Mortg., Inc.</u>, 709 F. Supp. 2d 873, 887 (E.D. Cal. 2010) ("because RESPA does not provide for injunctive relief, RESPA cannot serve as the basis for a wrongful foreclosure claim."); <u>Bey v. Mortgage Elec. Registration Sys., Inc.</u>, 09-10872, 2009 WL 2524754 (E.D. Mich. Aug. 14, 2009) (granting motion to dismiss wrongful foreclosure claim based on RESPA because "No provisions in RESPA, or in the regulations promulgated under RESPA by the U.S. Department of Housing and Urban Development, touch upon actions for wrongful foreclosure.").

Whether Bank of America timely responded to Plaintiff's request for information under RESPA is irrelevant to whether it has a right to foreclose on the property under the Nebraska Trust Deeds Act. Assuming for purposes of this motion that Plaintiff's allegations that Bank of America violated RESPA were true, those allegations are insufficient to state a claim for wrongful foreclosure.

### B. Bank Of America Did Not Violate The FDCPA By Attempting To Foreclose On The Deed Of Trust Because Foreclosure Is Not Subject To The FDCPA.

Plaintiff alleges that Bank of America was required "to cease collection efforts with regard to the foreclosure" under the FDCPA. (Complaint ¶ 44). The FDCPA prohibits a "debt collector" from taking certain actions to collect a debt. Volden v. Innovative Fin. Sys., Inc., 440 F.3d 947, 950 (8th Cir. 2006). A "debt" is defined in the FDCPA as "any obligation or alleged obligation of a consumer **to pay money** arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

This Court has held that the activity of foreclosing on property pursuant to a deed of trust is not "collection of a debt" within the meaning of the FDCPA. See Siegel v. Deutsche Bank Nat. Trust Co., 8:08CV517, 2009 WL 3254491 (D. Neb. Oct. 8, 2009) (Bataillon, J.) aff'd, 409 F. App'x. 975 (8th Cir. 2011) (granting motion to dismiss

because "foreclosing on a home is not debt collection" under the FDCPA); see also Diessner v. Mortgage Elec. Reg. Sys., 618 F.Supp.2d 1184, 1189 (D.Ariz.2009); Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); Bittinger v. Wells Fargo Bank NA, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010); Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property..... Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

Hulse, 195 F.Supp.2d at 1204.

Because foreclosing on a deed of trust is not a collection of debt prohibited by the FDCPA, Plaintiff's allegation that Bank of America violated the FDCPA by attempting to foreclose on the property fails to state a claim. Plaintiff's claim for statutory damages under the FDCPA and for wrongful foreclosure must be dismissed.

> VI. **PLAINTIFF'S SIXTH CLAIM UNDER THE NEBRASKA CONSUMER PROTECTION ACT FAILS TO STATE A CLAIM BECAUSE A SINGLE VIOLATION OF THE FDCPA DOES NOT AFFECT THE PUBLIC INTEREST.**

Plaintiff alleges that Bank of America failed to comply with the FDCPA, by failing to provide him with a proper validation notice required by statute. (Complaint ¶ 49(a)). Plaintiff alleges this single, alleged violation of the FDCPA constitutes a

11

"pattern and practice" of unlawful conduct "perpetrated upon a large portion of the consuming public" in violation of the Nebraska Consumer Protection Act ("CPA") (Complaint ¶ 50). Plaintiff alleges no facts supporting his "pattern and practice" conclusion.

The CPA makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Neb. Rev. Stat. § 59-1602 (Reissue 2004). The CPA only applies to unfair or deceptive practices which affect the public interest. See Eicher v. Mid America Fin. Invest. Corp., 275 Neb. 462, 748 N.W.2d 1 (2008). The CPA is not available to redress a private wrong where the public interest is unaffected. Nelson v. Lusterstone Surfacing Co., 258 Neb. 678, 605 N.W.2d 136 (2000). In Nelson, the Nebraska Supreme Court held that the CPA does not apply to a single transaction between a corporation and a private citizen.

Here, Plaintiff alleges only that Bank of America violated the FDCPA with respect to his loan. As recognized by this Court in numerous cases, a single occurrence is not sufficient to establish a pattern and practice that affects the public interest. See Siegel v. Deutsche Bank Nat. Trust Co., 8:08CV517, 2009 WL 3254491 (D. Neb. Oct. 8, 2009) (Bataillion, J.) aff'd, 409 F. App'x. 975 (8th Cir. 2011); see also Azike v. E-Loan, Inc., 8:09CV37, 2009 WL 1664072 (D. Neb. June 11, 2009) (Smith-Camp, J.) (granting motion to dismiss on CPA claim where complaint alleged harm suffered by single person in a single transaction); Kawa v. U.S. Bank, NA, 8:08CV91, 2009 WL 700593 (D. Neb. Mar.

13, 2009) (Smith-Camp, J.) (granting motion to dismiss because single transaction does not implicate the public interest).

In Siegel, this Court held that where a plaintiff fails to allege facts showing that the defendant's conduct involves multiple plaintiffs or multiple transactions, his or her complaint fails to state a claim upon which relief may be granted.

> The gravamen of the plaintiffs' complaint is a single transaction between the plaintiffs and defendants. Plaintiffs' assertion that discovery may reveal similar conduct by defendants with respect to other mortgagees creates only a 'mere possibility of misconduct' that does not rise above the speculative level. Accordingly, the court finds the plaintiffs' complaint fails to state a claim for relief under the Nebraska Consumer Protection Act.

Id. at * 2; See also Bruno v. Sunglass Hut Trading Corp., A-07-745, 2008 WL 2277550 (Neb. Ct. App. June 3, 2008) (Affirming motion to dismiss where the plaintiff's "complaint does not allege that others received the coupon or that others encountered a similar problem in trying to use the coupon. In short, they did not allege anything to show that the public interest is affected.").

Here, Plaintiff alleges facts regarding only a single occurrence affecting only him. Because he fails to allege facts suggesting a plausible claim that the public interest is affected, his CPA claim should be dismissed.

### VII. PLAINTIFF'S QUIET TITLE CLAIM SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO JOIN A REQUIRED PARTY WHO HAS AN INTEREST IN THE PROPERTY.

Plaintiff seeks a declaratory judgment quieting title to the property. (Complaint ¶¶ 52-56). In order to quiet title, "it is necessary that all parties in interest be made

13

parties, either as plaintiffs or defendants, unless they are so numerous that it is impracticable to bring them all before the court." <u>Avery v. Baker</u>, 27 Neb. 388, 43 N.W. 174, 176 (1889). According to the Deed of Trust and Note attached as exhibits to Plaintiffs' Complaint, Jodi L. Madej is also a borrower and has an interest in the property. Because Jodi Madej has an interest in the property, the Court cannot grant full relief in her absence and disposing of the case in her absence may impede her ability to protect her interest. <u>See</u> Fed. R. Civ. P. 19(a). Because Plaintiff has failed to join a required party, his quiet title action should be dismissed.

## CONCLUSION

Plaintiff brought this action for the improper purpose of delaying the foreclosure of his property. Plaintiff's claims fail to state a claim upon which relief may be granted and should be dismissed.

Dated this 9th day of June, 2011.

> BANK OF AMERICA NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 1007RZ1, Defendant
>
> By: /s/ Timothy J. Thalken
> Timothy J. Thalken, #22173
> FRASER STRYKER PC LLO
> 500 Energy Plaza, 409 South 17th Street
> Omaha, NE 68102-2663
> (402) 341-6000
> ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the United States District Court for the District of Nebraska on June 9, 2011, using the CM/ECF system which sent notification of such filing to the following:

John M. Carter
CARTER LAW FIRM
421 West Broadway, Suite 306
Council Bluffs, IA 51503
ATTORNEYS FOR PLAINTIFF

/s/ Timothy J. Thalken

589492