IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
ERIC MADEJ,                         )
                                    )
             Plaintiff,             )       8:11CV186
                                    )
      v.                            )
                                    )
BANK OF AMERICA, NATIONAL           )       ORDER
ASSOCIATION AS SUCCESSOR BY         )
MERGER TO LaSALLE BANK              )
NATIONAL ASSOCIATION AS             )
TRUSTEE FOR RAMP 1007RZ1,           )
DOES 1-10 (inclusive),              )
                                    )
             Defendants.            )
_____)
```

        This matter is before the Court upon defendant Bank of America's (Bank of America) motion to dismiss plaintiff Eric Madej's (Madej) complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, and 12(b)(7), failure to join a required party (Filing No. 6), as well as Madej's motions to amend the complaint (Filing No. 15) and to respond out of time to Bank of America's motion to dismiss (Filing No. 16).

        On April 26, 2011, Madej filed a complaint against Bank of America in the District Court of Douglas County, Nebraska, stating seven causes of action: "declaratory relief," "injunctive relief," "demand for an accounting," "rescission," "wrongful foreclosure," "unfair and unlawful business practice," and "quiet title" (Complaint, Ex. A, Filing No. 1). The complaint involves the foreclosure by Bank of America of a home pursuant to a deed

of trust in the names of Madej and his wife, Jodi Madej (*Id.* at 24).  Jodi Madej was not included as a party to the complaint.

On May 25, 2011, Bank of America removed the action to the United States District Court for the District of Nebraska (Filing No. 1).  After being granted an extension of time to answer, Bank of America filed a motion to dismiss on June 9, 2011 (Filing No. 6).

As noted by Bank of America in its reply brief of July 13, 2011 (Filing No. 10), Madej did not file a brief in opposition to Bank of America's motion to dismiss.

On July 28, 2011, Madej filed a motion to amend his complaint to join an essential party, Jodi Madej (Filing No. 15).  The motion to amend does not attach "an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments."  NECivR 15.1(a).  However, also on July 28, 2011, Madej filed a motion to "repond out of time" [sic] to Bank of America's motion to dismiss (Filing No. 16).  In that motion, Madej states that he intends to amend his complaint to remove "points 3-7 that were raised in Defendant's Motion to Dismiss," meaning, apparently, the last five causes of action in the complaint (Filing No. 16, at 1).  Madej states, "These points were only put in the original complaint as a reference, not as the primary issues of law to be determined by the Court" (Filing No. 16, at 1).

Bank of America filed a brief in opposition to Madej's motion to amend (Filing No. 18). Bank of America opposes Madej's motion because it "is untimely, and does not comply with the local rules" (Filing No. 18, at 1).

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "There is no absolute right to amend." *Becker v. Univ. of Neb. at Omaha,* 191 F.3d 904, 908 (8th Cir. 1999). "A denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." *Becker,* 191 F.3d at 908.

The Court notes that in addition to adding a required party, plaintiff's amended complaint will simplify the case considerably by removing five of the seven causes of action. Accordingly,

IT IS ORDERED:

1) Plaintiff shall have until October 4, 2011, to file an amended complaint as described in his motion to amend (Filing No. 15) and motion to respond (Filing No. 16).

2) Defendant's motion to dismiss (Filing No. 6) is denied as moot.

3) Defendant is granted leave to file a second motion to dismiss as to plaintiff's amended complaint, should it desire to do so.

4) Plaintiff's motion to respond out of time to Bank of America's motion to dismiss (Filing No. 16) is denied as moot.

DATED this 19th day of September, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court