IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC MADEJ, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV186 |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, NATIONAL | ) | MEMORANDUM OPINION |
| ASSOCIATION AS SUCCESSOR BY | ) | |
| MERGER TO LaSALLE BANK | ) | |
| NATIONAL ASSOCIATION AS | ) | |
| TRUSTEE FOR RAMP 1007RZ1, | ) | |
| DOES 1-10 (inclusive), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon defendant Bank of America's (Bank of America) renewed motion to dismiss the complaint of plaintiff Eric Madej (Madej) pursuant to Federal Rules of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, and 12(b)(7), failure to join a required party (Filing No. 21).

**I.  Background and Procedural History**.

On April 26, 2011, Madej filed a complaint against Bank of America in the District Court of Douglas County, Nebraska, stating seven causes of action:  "declaratory relief," "injunctive relief," "demand for an accounting," "rescission," "wrongful foreclosure," "unfair and unlawful business practice," and "quiet title" (Complaint, Ex. A, Filing No. 1).  The complaint involves the foreclosure by Bank of America of a home pursuant to a deed of trust in the names of Madej and his wife,

Jodi Madej (*Id.* at 24).  Jodi Madej was not included as a party to the complaint.

On May 25, 2011, Bank of America removed the action to the United States District Court for the District of Nebraska (Filing No. 1).  On June 9, 2011, Bank of America filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted, and 12(b)(7), failure to join a required party (Filing No. 6).

As noted by Bank of America in its reply brief of July 13, 2011 (Filing No. 10), Madej did not file a brief in opposition to Bank of America's motion to dismiss.

On July 28, 2011, Madej filed a motion to amend his complaint to join an essential party, Jodi Madej (Filing No. 15). The motion to amend did not attach "an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments."  NECivR 15.1(a).  Also on July 28, 2011, Madej filed a motion to respond out of time to Bank of America's motion to dismiss (Filing No. 16).  In that motion, Madej stated that he intended to amend his complaint to remove "points 3-7 that were raised in Defendant's Motion to Dismiss," meaning, apparently, the last five causes of action in the complaint (Filing No. 16, at 1).  Madej stated, "These points were only put in the original complaint as a reference, not as the primary issues of law to be determined by the Court" (Filing No. 16, at 1).

-2-

Bank of America filed a brief in opposition to Madej's motion to amend (Filing No. 18).  Bank of America opposed Madej's motion because it "is untimely, and does not comply with the local rules" (Filing No. 18, at 1).

On September 19, 2011, noting that Madej's amended complaint would both add a required party and simplify the case by removing five of the seven causes of action, this Court ordered that by October 4, 2011, Madej should file an amended complaint as described in his motion to amend (Filing No. 15) and motion to respond (Filing No. 16).  The Court denied Bank of America's motion to dismiss (Filing No. 6) as moot.  Bank of America was granted leave to file a second motion to dismiss as to Madej's amended complaint, should it desire to do so.  Madej's motion to respond out of time to Bank of America's motion to dismiss (Filing No. 16) was also denied as moot.

Madej did not comply with this Court's order.  Madej did not file an amended complaint by October 4, 2011, and has not filed anything else with the Court regarding this cause of action.  On October 12, 2011, Bank of America filed this renewed motion to dismiss, on the same grounds as its original motion to dismiss (Filing No. 21).

## II.  **Failure to Prosecute; Involuntary Dismissal**.

Federal Rule of Civil Procedure 41(b) states:

> If the plaintiff fails to prosecute
> or to comply with these rules or a

-3-

> court order, a defendant may move
> to dismiss the action or any claim
> against it. Unless the dismissal
> order states otherwise, a dismissal
> under this subdivision (b) . . .
> operates as an adjudication on the
> merits.

Fed. R. Civ. P. 41(b).  "A district court may sua sponte dismiss
an action under Rule 41(b) for the plaintiff's deliberate failure
to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120,
1121 (8th Cir. 2006).  "The authority of a court to dismiss sua
sponte for lack of prosecution has generally been considered an
'inherent power,' . . . necessarily vested in courts to manage
their own affairs so as to achieve the orderly and expeditious
disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-
31 (1962).

When considering a Rule 41(b) dismissal, "[T]he
sanction imposed by the district court must be proportionate to
the litigant's transgression." *Rodgers v. Curators of Univ. of
Mo.,* 135 F.3d 1216, 1219 (8th Cir. 1998).  "Dismissal with
prejudice is an extreme sanction and should be used only in cases
of willful disobedience of a court order or continued or
persistent failure to prosecute a complaint." *Givens v. A.H.
Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984).  "When determining
whether or not to dismiss a case with prejudice a district court
should first consider whether any less-severe sanction could
adequately remedy the effect of the delay on the court and the

-4-

prejudice to the opposing party." *Smith v. Gold Dust Casino*, 526 F.3d 402, 406 (8th Cir. 2008) (citation omitted).  "[W]hile a warning from the district court that a particular litigant is skating on the thin ice of dismissal is encouraged, . . . this circuit has yet to hold that such an admonition is necessary to sustain a Rule 41(b) dismissal and declines to so hold now." *Rodgers*, 135 F.3d at 1221 (internal citation omitted).

In this case, Madej has been given ample opportunity to amend his complaint and to respond to both of Bank of America's motions to dismiss.  Madej has failed to avail himself of that opportunity.  However, the Court is aware that counsel for Madej has recently been disbarred by the State of Nebraska.  *State ex rel. Counsel for Discipline of Neb. Supreme Court v. Carter*, 282 Neb. 596, --- N.W.2d --- (2011).  In light of that fact, the Court finds that this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  Thus the Court need not consider the motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 21st day of November, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-5-